UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANICE CLERKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1265 (JCH) |
| ) | |
| UNIQUE THRIFT STORE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The matter is before the Court on Plaintiff's Motion for Appointment of Counsel, filed July 30, 2007. (Doc. No. 6). Plaintiff filed her 42 U.S.C. § 2000e et seq. cause of action on July 12, 2007. (Doc. No. 1).

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's motion in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Plaintiff indicate that she is capable of

1

presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. No. 6) is **DENIED**.


Dated this 31st day of July, 2007.


        /s/ Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE